NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARNELL CURTIS,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>CALIFORNIA CORRECTIONAL<br>INSTITUTION AT TEHACHAPI; et al.,<br><br>           Defendants-Appellees. | No. 16-16928<br><br>D.C. No. 1:14-cv-00656-AWI-SAB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Parnell Curtis, a California state prisoner, appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Curtis failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies, or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances under which administrative remedies are deemed unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Curtis's requests for judicial notice, set forth in his opening brief, are denied.

16-16928

Curtis's motion for appointment of counsel (Docket Entry No. 27) is denied.

**AFFIRMED.**